IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JUSTIN ALLEN LIVINGSTON                                                               PLAINTIFF

v.                           Civil No. 2:20-cv-02213

JOHN/JANE DOE CRAWFORD COUNTY
DETENTION STAFF MEMBERS;
DAVID, Inmate also known as Bobo; and
LIEUTENANT WINSTEAD
                                                                                      DEFENDANTS

## OPINION AND ORDER

Plaintiff, Justin A. Livingston ("Livingston"), currently an inmate of the Crawford County Detention Center ("CCDC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Livingston proceeds *in forma pauperis* ("IFP"). The case is before the Court for preservice screening under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

According to the allegations of the Complaint (ECF No. 1), Livingston is a pretrial detainee at the CCDC. *Id.* at 3. He alleges that on October 1, 2020, Defendants took his "money . . . without [his] consent." *Id.* at 4. He was told the money was being taken for "booking fees" he owed. *Id.* Livingston states he was never given a receipt. *Id.* Additionally, when he complained that inmate David had taken the "rest of [his] money they said to[o] bad." *Id.* Livingston alleges Lieutenant Winstead was involved in this denial of his constitutional rights as were other John or Jane Doe staff members. *Id.* at 4-5.

Livingston sues the Defendants in both their individual and official capacities. (ECF No.

1

1 at 4). Livingston seeks compensatory and punitive damages. *Id.* at 7.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Claim Against Inmate David

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege each Defendant acted under color of state law and that he violated a right secured by the constitution. *West v. Atkins,* 487 U.S. 42 (1988); *Dunham v. Wadley,* 195 F.3d 1007, 1009 (8th Cir. 1999).

"Section 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir.

2004). Inmate David did not act under color of state law when he allegedly took money from Livingston. No plausible claim is stated against him.

### B. Deprivation of Property

Livingston has failed to state a cognizable claim under § 1983 for his alleged personal property loss. *See Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 793 (8th Cir. 2004) (no cause of action for the taking of personal property as long as the state provides an adequate post-deprivation remedy). Even if the deprivation of his property was intentional as he alleges, there is no Due Process violation when the state has provided Livingston with adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas provides the post-deprivation remedy of conversion for the recovery of personal property. *See Elliot v. Hurst*, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Livingston could seek redress in Arkansas state courts to recover his money, he has no plausible claim pursuant to § 1983 in this regard.

### C. Official Capacity Claims

To state an official capacity claim, Livingston must allege that a policy or custom of Crawford County was the moving force behind the deprivation of his constitutional rights. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a 'government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official capacity.'" *Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006) (*quoting Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). No such allegations are made. Moreover, no constitutional claim has been stated under § 1983. *See*

*Olinger v. Larson*, 134 F.3d 1362, 1367 (8th Cir. 1998) (when no constitutional violation exists, the governmental entity cannot be held liable). Therefore, no official capacity claim exists.

### IV.　CONCLUSION

For the reasons just stated, this case is **DISMISSED WITHOUT PREJUDICE** for failure to state any plausible constitutional claims. 28 U.S.C. § 1915A(b). The dismissal of this case constitutes a strike under 28 U.S.C. § 1915(g). The **Clerk** is directed to place a § 1915(g) strike flag on the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

IT IS SO ORDERED this 29th day of December 2020.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE